IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-41025
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

DOUGLAS RAY STEVENS,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-93-CR-115-1
- - - - - - - - - -
August 30, 1996

Before DAVIS, EMILIO M. GARZA and PARKER, Circuit Judges.

PER CURIAM:[*]

     Douglas Ray Stevens appeals his convictions of possession of a firearm by a convicted felon and possession of a firearm by a fugitive.  Stevens contends that the district court erred by refusing to admit evidence of a polygraph examination he took and that the district court erred by denying his motion to sever the charges into different counts for the two different weapons he was alleged to have possessed.

-------------------------

     [*]  Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

The rejection of the polygraph evidence was not an abuse of discretion. The questions asked during the procedure were of marginal relevance; the modification of one of the more relevant questions was questionable; and the defense refused to allow the Government to participate effectively in the polygraph procedure. *See United States v. Pettigrew*, 77 F.3d 1500, 1514-15 (5th Cir. 1996); *United States v. Posado*, 57 F.3d 428, 432 (5th Cir. 1995).

The denial of Stevens's severance motion was not an abuse of discretion. *See United States v. Holloway*, 1 F.3d 307, 310 (5th Cir. 1993). First, Stevens's allegation that the Government produced no evidence of possession of one of the two revolvers alleged in the superseding indictment is without a factual basis. Second, the district court's jury instruction was sufficient to cure any prejudice resulting from any misjoinder of charges. *See United States v. Bullock*, 71 F.3d 171, 175 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 1365 (1996).

AFFIRMED.